07-5776-ag
Zheng v. Holder
BIA
Nelson, IJ
A095 457 649

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of July, two thousand ten.

PRESENT:
            JOSÉ A. CABRANES,
            ROBERT A. KATZMANN,
            REENA RAGGI,
                    *Circuit Judges.*

_____

YONG ZHONG ZHENG,
            *Petitioner,*

            v.                                07-5776-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
            *Respondent.*

_____

FOR PETITIONER:    Feng Li, Moslemi & Associates, New York, New York.

_____

*Pursuant to Fed. R. App. P 43(e)(1), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; James A. Hunolt, Senior Litigation Counsel; Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Zhong Zheng, a native and citizen of the People's Republic of China, seeks review of a December 7, 2007, order of the BIA affirming the August 3, 2004, decision of Immigration Judge ("IJ") Barbara A. Nelson on the ground that Zheng did not carry his burden of demonstrating eligibility for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Zhong Zheng*, No. A095 457 649 (B.I.A. Dec. 7, 2007), *aff'g* No. A095 457 649 (Immig. Ct. N.Y. City Aug. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision, as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the

BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.   Past Persecution**

The agency found that Zheng failed to establish past persecution because: (1) despite threats of sterilization, Zheng suffered no physical harm in China; and (2) the economic harm he suffered did not rise to the level of persecution. Zheng's challenges to these findings are not persuasive. We "previously have rejected . . . claims [that] 'unfulfilled' threats" constitute persecution. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006). With respect to economic persecution, Zheng produced no evidence that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government and the consequences of losing his job. *See Jian Hui Shao*, 546 F.3d at 161-62; *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). We therefore find no error in the agency's determination that Zheng failed to establish past persecution.

3

## II. Well-Founded Fear of Future Persecution

In the absence of past persecution, an alien can demonstrate eligibility for relief if he can show that he has a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(b)(2)(i). Here, however, the agency reasonably found that Zheng provided insufficient evidence to establish a well-founded fear of future persecution on account of his alleged violation of China's family planning policy.

We find no support for Zheng's argument that the BIA failed to adequately consider the evidence of record, and we generally accord deference to the agency's evaluation of such evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). The IJ reasonably afforded the unauthenticated letters Zheng submitted diminished weight, as she found that they "were clearly provided and were prepared for litigation purposes," and contained "no indicia of their reliability." *I.J. Op. at 14; see Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010) (holding that unsigned, unauthenticated documents, from a "Street Resident Committee" and "Villager Committee," that fail to identify the authors, are entitled

to minimal weight, especially when the documents were allegedly obtained from the authorities specifically for the purpose of the hearing on the applicant's behalf). Moreover, the agency did not err by summarily considering the relevant U.S. State Department reports, evidence it has considered time and again in virtually identical cases. *See Jian Hui Shao*, 546 F.3d at 166; *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006). Thus, substantial evidence supports the agency's determination that Zheng failed to establish a well-founded fear of future persecution. As Zheng was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal.[1] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

---

[1] Contrary to the government's assertion that Zheng failed to exhaust any challenge to the agency's denial of his claim for withholding of removal, because the BIA considered that claim, we deem it to have been exhausted. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006). Because Zheng does not challenge the agency's denial of his CAT claim before this Court, we deem that argument abandoned. See *Yueqing-Zhang v. Gonzales*, 426 F.2d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

5

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk